Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Jing H. Cherng (Cal. Bar No. 265017)
William H. Stewart (Cal. Bar No. 287782)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: kspelman@mount.com; gcherng@mount.com;
       wstewart@mount.com

Counsel for Plaintiff Cyber Switching

ADDITIONAL PARTIES LISTED ON THE SIGNATURE PAGE

U.S. District Court
Northern District of California, Oakland Division

| | |
|---|---|
| Cyber Switching Patents LLC d/b/a Cyber Switching<br><br>Plaintiff<br><br>v.<br><br>Chatsworth, Inc.<br><br>Defendant<br><br>AND ALL RELATED CASES | Case No. 3:14-cv-02681 PJH<br><br>Related Cases: 3:14-cv-02682, 3:14-cv-02683, 3:14-cv-02684, 3:14-cv-02689, 3:14-cv-02692, 3:14-cv-02693<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date: September 18, 2014<br>Time: 2:00 p.m.<br>Judge: Hon. Phyllis J. Hamilton<br>Ctrm: 3<br><br>Complaint Filed: June 10, 2014<br>Trial Date: None Set |

The parties to the above-entitled related actions jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9. Plaintiff Cyber Switching Patents, LLC d/b/a Cyber Switching ("Plaintiff") and defendants Avocent Huntsville Corp. and Liebert Corporation ("Avocent"), Eaton Corporation[1] ("Eaton"), Methode Electronics, Inc. ("Methode"), Raritan Americas, Inc. d/b/a Raritan Computer, Inc. and Raritan Inc. ("Raritan"), Server Technology, Inc. and Server Technology International, LLC (collectively "STI"), Chatsworth Products, Inc. ("Chatsworth"), Schneider Electric IT USA, INC. and American Power Conversion Corporation ("Schneider Electric") (collectively, "Defendants"), through counsel, have met and conferred on the matters contained herein.

**1. Jurisdiction & Service**

Plaintiff and Defendants (collectively, "parties") agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, because the claims and counterclaims (should defendants Avocent Huntsville Corp. and Liebert Corporation elect to file counterclaims after the Court decides their motion to dismiss for failure to state a claim and should Schneider Electric elect to file counterclaims in their response to Plaintiff's Complaint) arise under the Patent Laws of the United States, Title 35. The parties agree that there are no issues regarding personal jurisdiction or venue, and no parties remain to be served.

**2. Facts**

Plaintiff Cyber Switching Patents, LLC d/b/a Cyber Switching ("Cyber Switching") filed these seven cases on June 10, 2014, and has filed a First Amended Complaint against Avocent on August 14, 2014. Cyber Switching seeks damages and other relief for Defendants' alleged direct infringement, indirect infringement and willful infringement of all of the claims of U.S. Patent Nos. 7,550,870, 7,630,186 and 7,672,104 (collectively, the "Asserted Patents").

On August 15, 2014, Avocent filed a motion to dismiss for failure to state a claim as to the claims of indirect and willful infringement with respect to each of the Asserted Patents.

---

[1] Defendant Eaton Corporation was incorrectly sued as "Eaton, Inc," an entity that does not exist, to the knowledge of Eaton Corporation. Counsel for Eaton alerted Cyber Switching to this error and offered to enter into a stipulation to correct this error. *See* Case No. 14-cv-2682, Dkt. No. 19.

1

On August 6, 2014, Methode filed its answer to the complaint, and asserted counterclaims seeking declarations of no infringement and patent invalidity as to each claim in the asserted patents. On August 27, 2018, Cyber Switching filed its answer to the Methode counterclaims.

Eaton filed its Answer and Counterclaims on August 18, 2014 and Cyber Switching filed its Answer to Counterclaims on September 9, 2014.

Raritan filed its Answer and Counterclaims on August 18, 2014 and Cyber Switching filed its Answer to Counterclaims on September 9, 2014.

Chatsworth filed its Answer and Counterclaims on August 6, 2014 and Cyber Switching filed its Answer to Counterclaims on August 27, 2014.

STI filed its Answer and Counterclaims on August 6, 2014 and Cyber Switching filed its Answer to Counterclaims on August 27, 2014.

Schneider Electric stipulated with Plaintiff on September 3, 2014 that the time for Schneider Electric to answer or otherwise respond with respect to Plaintiff's Complaint is extended to November 3, 2014.

Based on the claims alleged by Cyber Switching, and without regard to whether those claims will remain following a ruling on Avocent's motion to dismiss, the principal factual issues in this action are:

1. Whether any of the Defendants (individually) have infringed and are infringing any of the Asserted Patents;
2. Whether any of the Defendants (individually) have actively induced or contributed to the infringement of the Asserted Patents by others;
3. Whether any alleged infringement by any of the Defendants (individually) is willful;
4. The amount of Cyber Switching's damages (including the subsidiary issues of patent marking, notice, etc.), if any;
5. The identification of any other relief that is warranted for any alleged infringement by Defendants.

If and when Avocent and Schneider Electric each file an answer and/or counterclaims to Cyber Switching's pleading, the following additional factual issues, which have already arisen for

2

the other Defendants, will arise:

   6. The validity or invalidity of the Asserted Patents;
   7. The enforceability or unenforceability of the Asserted Patents;
   8. Whether laches or estoppel bars Cyber Switching from pursuing its claims against Defendants; and
   9. The factual bases of any other affirmative defenses to be raised by Defendants.

**3. Legal Issues**

The parties presently anticipate that the primary legal issues in this action will be:

   1. The proper construction of any disputed claim terms;
   2. Whether the products of Defendants accused of infringement infringe the Asserted Patents;
   3. Whether any infringement by Defendants was willful and, if so, the amount of enhanced damages, if any, Cyber Switching should recover;
   4. Whether the claims of the Asserted Patents are invalid or unenforceable;
   5. Whether this case is exceptional within the meaning of 35 U.S.C. § 285 so as to warrant a recovery of attorneys' fees by any party;
   6. Whether Cyber Switching's claims are barred, in whole or in part, by the various equitable and legal defenses to be asserted by Defendants;
   7. Whether the patents-in-suit are unenforceable due to inequitable conduct; and
   8. Defendants assert that plaintiff bears the burden of proving that it has standing and ownership of the patents.

**4. Motions**

Avocent has moved to dismiss the First Amended Complaint as to the claims of indirect and willful infringement. That motion is scheduled to be heard on September 24, 2014.

No other motions are currently pending.

Cyber Switching will file a motion to disqualify the law firm of K&L Gates, which firm has appeared on behalf of Eaton.

The parties are familiar with the Court's Pretrial Instructions, including the instruction that

only one summary judgment motion may be filed by each side in a single civil action absent leave of court.  Defendants propose that each Defendant group be permitted to file its own summary judgment motion regarding noninfringement, invalidity, and/or unenforceability.  Plaintiff proposes a joint motion regarding invalidity and/or enforceability and separate motions regarding noninfringement.  Individual Defendant groups may request leave to file an additional summary judgment motion, if it materially narrows the issues in the case and as appropriate.  Defendants anticipate filing motions *in limine* and/or *Daubert* motions as appropriate.

In addition, Defendants note that the investigation regarding the invalidity of the asserted patents and the prior art is in its preliminary stages.  No post-grant proceedings with the Patent Office have been filed.  However, each Defendant reserves the right to seek a stay of the case at the appropriate time in light of any potential inter partes review request concerning the asserted patents.

**5. Amendment of Pleadings**

Cyber Switching may be required to file a Second Amended Complaint to address deficiencies identified in Avocent's motion to dismiss.  The parties have proposed a deadline for the amendment of pleadings and the addition of parties.

**6. Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action.  These steps include, but are not limited to, institution of a litigation hold for both hardcopy documents and electronically stored information.

**7. Disclosures**

The parties have agreed that they will comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A) by October 1, 2014.

**8. Discovery**

No discovery has occurred as of the date of this Case Management Statement.  Discovery is

anticipated to cover all material issues in the case, including but not limited to the operation of the accused products; the validity and enforceability (or lack thereof) of the Asserted Patents under the equitable defenses and counterclaims that Defendants have pled (and that Avocent and Schneider Electric each may plead, should Avocent and Schneider Electric each file an answer and/or counterclaims); the parties' respective claim constructions; Cyber Switching's claim for damages; Cyber Switching's allegations of willfulness; expert witness discovery; and other material issues, including Defendants' equitable counterclaims and defenses as pled or, for Avocent and Schneider Electric, that they may plead should Avocent file an answer and/or counterclaims.

**Discovery Deadlines:** The parties anticipate that fact and expert discovery will be completed by the dates in the proposed schedule in Section 17 or established following claim construction.

The parties agree to the limits provided by the Federal Rules of Civil Procedure governing interrogatories, requests for admission, and depositions. However, in the event that the Court desires the parties to coordinate discovery based on the large number of defendants in these cases, Plaintiff is willing to meet and confer regarding the coordination of and appropriate limitations on discovery; Defendants propose the following limitations:

**Interrogatories:** Each side will be permitted to propound 10 common interrogatories. Additionally, each defendant group can propound up to 15 additional individual interrogatories, and plaintiff can propound up to 15 additional individual interrogatories per defendant group. "Side" as used herein means a party or group of parties with a common interest. Each group of related companies sued by the plaintiff shall be considered a single "defendant group."

**Requests for Admission**: Each side will be permitted to propound 35 common requests for admission. Additionally, each defendant can propound up to 20 additional individual requests for admission, and plaintiff can propound up to 20 additional individual requests for admission per defendant. The foregoing requests for admission exclude requests for admission directed solely to the authentication of documents, electronically stored information, and things.

**Fact Depositions:** Plaintiff shall take no more than 35 hours of 30(b)(6) and 30(b)(1) depositions per defendant group. Defendants shall collectively take no more than 55 hours of

30(b)(6) and 30(b)(1) depositions of plaintiff, where each defendant shall be entitled to a proportionate share of that deposition time, unless otherwise agreed to by the defendants. Plaintiff and each defendant group will additional have a maximum of 40 hours of third party depositions per civil action. Third party depositions on validity or other common issues may be relied upon by defendants that did not take the deposition, subject to any confidentiality restrictions. Defendants may depose Mr. Charles H. Reynolds in his 30(b)(6) and 30(b)(1) capacities for no more than 21 hours collectively. However, plaintiff may not refuse to provide 30(b)(6) testimony on the sole basis that Mr. Reynolds would be its corporate representative and that the 30(b)(6) testimony would exceed the collective 21 hours of deposition time for Mr. Reynolds. If additional time is necessary, the parties shall meet and confer in good faith to reach an agreement before requesting additional time from the Court. Unless otherwise agreed, depositions of the plaintiff and defendants and their respective employees shall take place in the deponent's city of residence and at a mutually agreeable time for the parties. The parties agree that there is no limit on the number of depositions that may be taken.

**Expert Depositions:** Expert depositions are limited to 7 hours per report per side for each civil action, except that (1) for an expert who offers an opinion on an issue not specific to a single defendant (e.g., validity) in multiple civil actions, the expert shall be deposed for no longer than 14 hours, and (2) for an expert that offers an opinion on an issue specific to a single defendant (e.g., infringement, damages), the expert shall be deposed for no longer than 3 common hours plus 4 individual hours for each civil action in which that expert offers an opinion.

**Service by Email, Expert Materials, Protective Order and ESI Order:** The parties agree to accept service by email. The parties will meet and confer to establish and acceptable protocol for service by email. Service by email will be treated as service by mail. The parties agree that communications concerning expert witnesses shall be governed by Rule 26(b)(4)(C). The parties are discussing a proposed joint protective order and expect to have one on file shortly. The parties are discussing an agreement regarding the scope and timing of ESI discovery and expect to have an agreement or provide proposals to this Court in the event the parties are not able to reach agreement. The parties agree that the Federal Rules of Civil Procedure will otherwise govern

discovery, except as set forth herein and subject to this Court's orders, the written agreement of the parties and the Local Rules.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

The Court has designated the following cases as related cases:

1. *Cyber Switching Patents, LLC v. Chatsworth, Inc.*, Case No. 3:14-cv-02681 PJH;
2. *Cyber Switching Patents, LLC v. Eaton Corporation*, Case No. 3:14-cv-02682 PJH;
3. *Cyber Switching Patents, LLC v. Avocent Huntsville Corp, et al.*, Case No. 3:14-cv-02683 PJH;
4. *Cyber Switching Patents, LLC v. Methode Electronics, Inc.*, Case No. 3:14-cv-02684 PJH;
5. *Cyber Switching Patents, LLC v. Raritan Computer, Inc., et al.*, Case No. 3:14-cv-02689 PJH;
6. *Cyber Switching Patents, LLC v. Schneider Electric IT USA, Inc. et al.*, Case No. 3:14-cv-02692 PJH; and
7. *Cyber Switching Patents, LLC v. Server Technology, Inc., et al.*, Case No. 3:14-cv-02693 PJH.

**11. Relief**

Cyber Switching seeks damages and injunctive relief, a declaration of exceptional case and an award of attorneys' fees and costs.

Defendants seek, and if and when Avocent and Schneider Electric each file an answer and/or counterclaims to Cyber Switching's pleading, Avocent and Schneider Electric expect to seek, a judgment (a) finding that they have not infringed and are not infringing the Asserted Patents; (b) finding that each of the Asserted Patents is invalid; (c) finding that each of the Asserted Patents is unenforceable on the grounds, for example, of laches and estoppel with regards to Defendants; (d) declaring this case exceptional under 35 U.S.C. § 285 and awarding Defendants their attorneys' fees, expenses and costs incurred; and (e) granting Defendants such other and

further relief as this Court may deem just and equitable, or that Defendants may be entitled to as a matter of law.

**12. Settlement and ADR**

There have been no ADR efforts to date, although the counsel for the parties discussed the prospects of settlement in their Rule 26(f) conference. Avocent and Cyber Switching have agreed to engage in Early Neutral Evaluation ("ENE") through the Court's ADR program, such ENE to occur no later than January 31, 2015. The parties are amenable to private mediation if the ENE program does not result in a resolution of the case.

Eaton proposes private mediation with Judge Lynch or Judge Cahill of JAMS.

Chatsworth proposes mediation before the Court's ADR panel counsel, occurring at a mutually agreeable time after service of the Plaintiff's infringement contentions under Patent Local Rules 3-1 and 3-2 (currently due on October 1, 2014).

Methode proposes mediation before the Court's ADR panel counsel, occurring at a mutually agreeable time and after service of the Cyber Switching's disclosures under Patent Local Rules 3-1 and 3-2.

The parties have agreed that ADR efforts shall occur no later than January 31, 2015.

**13. Consent to Magistrate Judge For All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings.

**14. Other References**

This case is not suitable for reference to binding arbitration. The parties do not believe that this case is suitable for reference to the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

Defendants propose, given the complexity of this case, including the number of Asserted Patents, the number of defendants in the related cases, the number of products accused of infringement and the number of potential defenses Defendants will likely raise, that the issues be narrowed through: (1) the participation in ADR as described above, and (2) limitation, at the appropriate time, of the number of patent claims asserted by Cyber Switching. Cyber Switching will propose, at the appropriate time, that the issues be narrowed by limiting the number of prior art

8
JOINT CASE MANAGEMENT STATEMENT	CV14-02683 PJH

references per patent.

**16. Expedited Trial Procedure**

The parties believe that this case is inappropriate for an expedited trial schedule.

**17. Scheduling**

The parties propose the following dates for certain events in this action. For events not listed and normally scheduled based on the listed events, the parties do not propose any changes to the deadlines set forth by this Court's Rule and Orders, Local Rules, Local Patent Rules, and Federal Rules of Civil Procedure.

| Event | Proposed Date |
|---|---|
| Case Management Conference | September 18, 2014 |
| Rule 26(a) disclosures | October 1, 2014 |
| Plaintiff to comply with PLR 3-1, 3-2 | October 1, 2014 |
| Defendants to comply with PLR 3-3, 3-4 | November 17, 2014 |
| Parties to comply with PLR 4-1 | December 1, 2014 |
| Parties to comply with PLR 4-2 | December 22, 2014 |
| Last day to amend pleadings, add parties | January 16, 2015 |
| Parties to comply with PLR 4-3 | January 16, 2015 |
| Last day to conduct claim construction discovery | February 16, 2015 |
| Plaintiff to file opening claim construction brief | March 2, 2015 |
| Defendants to file claim construction brief | March 16, 2015 |
| Plaintiff to file reply claim construction brief | March 23, 2015 |
| Tutorial | At the convenience of the Court, on or after April 8, 2015 |
| Exchange of demonstrative evidence and visual aids for claim construction hearing | No later than 48 hours before the claim construction hearing |
| Claim construction hearing | At the convenience of the Court, on or after April 22, 2015 |
| Last day for Defendants to comply with PLR 3-7 | 50 days after the Court issues a claim construction order |
| Last day to conduct fact discovery | Seven months after the Court issues a claim construction order |
| Parties to exchange initial expert reports | 28 days after the close of fact discovery |
| Parties to exchange rebuttal expert reports | 28 days after service of initial expert reports |
| Last day to conduct expert discovery | 28 days after service of rebuttal expert reports |
| Last day for filing dispositive motions | 28 days after the close of expert discovery |
| Last day for hearing dispositive motions | 35 days after the filing of motions |
| Final pretrial conference | At the convenience of the Court |
| Trial | At the convenience of the Court |

**18. Trial**

This case will be tried to a jury. The length of trial is expected to be approximately 10

9

court days.  Defendants request individual trials for each related civil action.

**19. Disclosure of Non-party Interested Entities or Persons**

Cyber Switching complied with Civil Local Rule 3-15 on September 11, 2014.

Avocent complied with Civil Local Rule 3-15 on August 18, 2014.  *See* Dkt. No. 33. Avocent Huntsville Corp. is a wholly-owned subsidiary of Avocent Corporation, which is a wholly-owned subsidiary of Emerson Electric Co., a publicly-traded company.  Liebert Corporation is a wholly-owned subsidiary of EECO, Inc., which is a wholly-owned subsidiary of Emerson Electric Co., a publicly-traded company.

Eaton complied with Civil Local Rule 3-15 on August 18, 2014.  *See* Case No. 14-cv-2682, Dkt. No. 20.  Pursuant to Civil L.R. 3-15, the undersigned counsel for Eaton certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Eaton Corporation is a subsidiary of Eaton Corporation plc, an Irish public limited company whose shares trade on the New York Stock Exchange.

Methode complied with Civil Local Rule 3-15 on August 21, 2014.  *See* Case No. 14-cv-2684, Dkt. No. 23.  Methode Electronics, Inc., is a publicly-traded company and has no parent company.

Raritan complied with Civil Local Rule 3-15 on August 18, 2014.  *See* Case No. 14-cv-2689, Dkt. No. 26.  Raritan Americas, Inc. d/b/a Raritan Computer, Inc. is a wholly owned subsidiary of Raritan, Inc. There is no other publically held corporation that owns 10% or more of its stock. Raritan Inc. has no parent company and no publically held corporation owns 10% or more of its stock.

Chatsworth complied with Civil Local Rule 3-15 on August 6, 2014.  *See* Case No. 14-cv-2681, Dkt. No. 28.  Chatsworth Products Inc. Employee Stock Ownership Trust is the sole shareholder of Chatsworth Products, Inc.

STI complied with Civil Local Rule 3-15 on August 6, 2014.  *See* Case No. 14-cv-2693,

Dkt. No. 30. STI has no parent company and no publically held corporation owns 10% or more of its stock. Server Technology International LLC is wholly owned by Server Technology, Inc.

Schneider Electric complied with Civil Local Rule 3-15 on September 11, 2014.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other: Topic Identified in Patent Local Rule 2-1**

**Proposed Modifications:** The parties' proposed modifications of the obligations or deadlines set forth in the Patent Local Rules are included in the schedule in Section 17, above.

**Claim Construction Discovery:** The parties agree that if they use expert witness declarations in support of one or more of their claim construction positions, each party who so intends shall disclose that it intends to use a claim construction expert witness and will provide an expert report and/or declaration when the parties exchange proposed claim definitions according to the schedule in Section 17.

**Format of the Claim Construction Hearing:** Plaintiff may propose a term-by-term claim construction. Defendants anticipate that Plaintiff will proceed with its argument followed by the Defendants. Defendants expect that three hours will be required for argument at the claim construction hearing. Defendants do not anticipate live testimony by expert witnesses at the claim construction hearing at this time, but may ask the Court to allow live expert testimony depending on potential issues raised during claim construction discovery.

**Tutorial on Technology Issues:** The parties intend to present a tutorial to the Court regarding the technology at issue, with each side permitted 45 minutes, according to the Standing Order for Patent Cases assigned to Judge Hamilton.

| | | |
|---|---|---|
| 1 | Dated: September 11, 2014 | */s/ Kathryn G. Spelman* |
| 2 | | Kathryn G. Spelman, Esq. (Cal. Bar No. 154512) |
| | | Jing H. Cherng (Cal. Bar No. 265017) |
| 3 | | William H. Stewart (Cal. Bar. No. 287782) |
| | | Mount, Spelman & Fingerman, P.C. |
| 4 | | RiverPark Tower, Suite 1650 |
| | | 333 West San Carlos Street |
| 5 | | San Jose CA 95110-2740 |
| | | Phone: (408) 279-7000 |
| 6 | | Fax: (408) 998-1473 |
| | | kspelman@mount.com |
| 7 | | gcherng@mount.com |
| 8 | | *Counsel for Plaintiff Cyber Switching* |
| 10 | Dated: September 11, 2014 | */s/ Robert H. Sloss* |
| 11 | | Robert H. Sloss |
| | | Melinda M. Morton |
| 12 | | PROCOPIO, CORY, HARGREAVES & |
| | |    SAVITCH LLP |
| 13 | | 1020 Marsh Road, Suite 200 |
| | | Menlo Park, CA 94025 |
| 14 | | Telephone: (650) 645-9024 |
| 15 | | Facsimile: (650) 687-8324 |
| 16 | | DAVIDSON, BERQUIST, JACKSON & |
| | |    GOWDEY, LLP |
| 17 | | Donald L. Jackson |
| 18 | | James D. Berquist |
| | | Gregory A. Krauss |
| 19 | | J. Scott Davidson |
| | | 4300 Wilson Boulevard, Suite 700 |
| 20 | | Arlington, VA 22203 |
| | | Telephone: (703) 894-6400 |
| 21 | | Facsimile: (703) 894-6430 |
| 22 | | *Attorneys for Defendants* |
| 23 | | *Avocent Huntsville Corp. and Liebert Corporation* |
| 28 | Dated: September 11, 2014 | */s/ David Z. Petty* |

Steven J. Hampton
David Z. Petty
McAndrews, Held & Malloy, Ltd.
500 W. Madison St., 34th Floor
Chicago, IL 60661
(312) 775-8000
(312) 775-8100 (fax)
dpetty@mcandrews-ip.com

Benjamin K. Riley
Bartko, Zankel, Bunzel& Miller
One Embarcadero Center, Suite 800
San Francisco, CA 94111
415.956.1900
415.956.1152 (fax)
briley@bzbm.com
*Attorneys for Defendant/Counter-claimant Chatsworth Products, Inc.*

Case No. 3:14-cv-02681 PJH
*Cyber Switching Patents, LLC d/b/a Cyber Switching v. Chatsworth Products, Inc.*

Dated: September 11, 2014

*/s/ Irene I. Yang*
Michael J. Bettinger
Irene I. Yang
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
415-882-8200
415-882-8220 (fax)
mike.bettinger@klgates.com
irene.yang@klgates.com

*Attorneys for Defendant/Counter-claimant Eaton Corporation*

Case No. 3:14-cv-02682 PJH
*Cyber Switching Patents, LLC d/b/a Cyber Switching v. Eaton Corporation*

Dated: September 11, 2014

*/s/ Matthew K. Blackburn*
Matthew K Blackburn
Locke Lord LLP
44 Montgomery St., #4100
San Francisco, CA 94104
415-318-8802
415-676-5816 (fax)
mblackburn@lockelord.com
*Attorneys for Defendant/Counter-claimant Methode Electronics, Inc.*

13

JOINT CASE MANAGEMENT STATEMENT  CV14-02683 PJH

|   |   |   |
|---|---|---|
| 1 | | Case No. 3:14-cv-02684 PJH<br>*Cyber Switching Patents, LLC d/b/a Cyber Switching v. Methode Electronics, Inc.* |
| 2 | | |
| 3 | Dated: September 11, 2014 | */s/ Michael J. Babbitt* |
| 4 | | Michael G. Babbitt, *pro hac vice*<br>Jenner and Block<br>353 N. Clark St.<br>Chicago, Il 606054<br>312-923-2879<br>mbabbitt@jenner.com |

Nick G. Saros
Jenner & Block LLP
633 West 5th St., Suite 3600
Los Angeles, CA 90071
213-239-5100
213-239-5199 (fax)
nsaros@jenner.com
*Attorneys for Defendants/Counter-claimants Raritan Computer, Inc. and Raritan Inc.*

Case No. 3:14-cv-02689 PJH
*Cyber Switching Patents, LLC d/b/a Cyber Switching v. Raritan Computer, Inc. and Raritan Inc.*

Dated: September 11, 2014

*/s/ Michael J. Murray*

Michael M. Murray (Pro Hac Vice)
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700
(212) 294-4700 (fax)
mmurray@winston.com

James C. Lin
Winston & Strawn LLP
3300 Hillview Avenue
Palo Alto, CA94304-1203
(650) 858-6500
(650) 858-6550 (fax)
jalin@winston.com

*Attorneys for Defendants/Counter-claimants Schneider Electric IT USA, Inc. and American Power Conversion Corporation*

Case No. 3:14-cv-02692 PJH
*Cyber Switching Patents, LLC d/b/a Cyber*

14

JOINT CASE MANAGEMENT STATEMENT   CV14-02683 PJH

| | |
|---|---|
| Dated: September 11, 2014 | */s/ Christopher G. Hanewicz*<br>Rodger K. Carreyn<br>Christopher G. Hanewicz<br>Autumn N. Nero<br>Perkins Coie LLP<br>One East Main St., Suite 201<br>Madison, WI 53703<br>608-663-7460<br>608-663-7499 (fax)<br>RCarreyn@perkinscoie.com<br>CHanewicz@perkinscoie.com<br>ANero@perkinscoie.com<br><br>Joseph P. Hamilton<br>Perkins Coie LLP<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067-1286<br>310-788-9900<br>310-788-3399 (fax)<br>jhamilton@perkinscoie.com<br><br>Michael R. Henson<br>Perkins Coie LLP<br>1900 Sixteenth St., Suite 1400<br>Denver, CO 80202-5255<br>303-291-2300<br>303-291-2400 (fax)<br>MHenson@perkinscoie.com<br><br>*Attorneys for Defendants/Counter-claimants Server Technology, Inc. and Server Technology International, LLC*<br><br>Case No. 3:14-cv-02693 PJH<br>*Cyber Switching Patents, LLC d/b/a Cyber Switching v. Server Technology, Inc. et al.* |

*Switching v. Schneider Electric IT USA, Inc., et al.*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____
HON. PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE